Louis Pechman, Esq.
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| RODRIGO SANTOS, JUAN ROJAS, DELFINO TLACOPILGO, JOSE CLEMENTE, FIDENCIO MELO SILVA, FROYLAN CAPULIN, ALFREDO DIAZ HERNANDEZ, ANGEL GALDINO REYES, SERGIO GUTIERREZ, JOSE LUIS RODRIGUEZ, MARIO RODRIGUEZ, BERTIN SAAVERDA LOPEZ, and ADELFO SANCHEZ, | : : : : : : : : |
| Plaintiffs, | : : |
| -against- | : : |
| 665 9TH AVENUE RESTAURANT CORP. d/b/a GALAXY DINER and JOHN PANARIOUS, | : : : : |
| Defendants. | : |

**COMPLAINT**

-------------------------------------------------------------------X

Plaintiffs Rodrigo Santos, Juan Rojas, Delfino Tlacopilgo, Jose Clemente, Fidencio Melo Silva, Froylan Capulin, Alfredo Diaz Hernandez, Angel Galdino Reyes, Sergio Gutierrez, Jose Luis Rodriguez, Mario Rodriguez, Bertin Saaverda Lopez, and Adelfo Sanchez ("plaintiffs"), by their attorneys Pechman Law Group PLLC, complaining of defendants 665 9th Avenue Restaurant Corp. d/b/a Galaxy Diner, and John Panarious (collectively, "defendants"), allege:

### NATURE OF THE ACTION

1.      This action is brought to recover unpaid minimum and overtime wages, unpaid spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor Law § 190, *et seq.* ("NYLL").

2.      Galaxy Diner is located at 665 9th Avenue, New York, New York 10036.

3.      Galaxy Diner serves traditional American diner food and also offers a delivery service. The diner is open twenty-four hours on Thursday, Friday, and Saturday and open from 6:00 a.m. to 1:00 a.m. on Sunday, Monday, Tuesday, and Wednesday.

4.      Plaintiffs are current and former employees of defendants working in both the front and back of the house.  Plaintiffs are employed as servers, busboys, dishwashers, cooks, as a counterperson, and as a supervisor.

5.      Plaintiffs are consistently required to work in excess of forty hours per week.

6.      Defendants have paid plaintiffs different rates of pay and base each plaintiff's pay rate on such factors as, *inter alia*, plaintiff's work title, responsibilities, and experience.

7.      Plaintiffs Jose Luis Rodriguez and Mario Rodriguez are paid a weekly salary.

8.      All of the other plaintiffs are paid at a straight-time rate for all hours worked, including hours worked in excess of forty per week.

9.      Plaintiffs working as busboys and servers are paid $2.50 to $3.50 per hour.

10.     Plaintiffs working as dishwashers are generally paid $5.00 to $6.50 per hour.

11.     Plaintiffs working as cooks, as a counterman, and as an administrative assistant each receive different individual rates of pay, but all are paid in violation of the requirements of the FLSA and NYLL.

12.     Defendants have failed to pay plaintiffs working as busboys, servers, dishwashers, and countermen at the statutory minimum wage pursuant to the FLSA and NYLL.

13.     All plaintiffs have been denied overtime compensation at time-and-a-half for the hours that they have worked in excess of forty per week.

14.     Defendants have failed to pay plaintiffs spread-of-hours pay when the length of their workdays exceeded ten hours.

15.     Defendants require that plaintiffs sign weekly payroll statements that do not accurately reflect the amount of hours worked or the amount of pay received by each plaintiff per week.

16.     The weekly payroll statements incorrectly indicate that plaintiffs worked fewer hours per week than they actually worked.

17.     The weekly payroll statements also incorrectly indicate that plaintiffs were paid at a higher rate of pay than they were actually paid.

18.     Defendants refuse to pay plaintiffs each week unless they sign the inaccurate weekly payroll statements.

19.     Defendants have failed to furnish plaintiffs with accurate wage statements or annual wage notices, as required by the NYLL.

20.     Plaintiffs seek compensation for unpaid minimum wage and overtime pay, unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

21.     This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

22.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as Galaxy Diner is located in the Southern District of New York.

## THE PARTIES

**Plaintiffs**

23.     Angel Galindo Reyes ("Reyes") resides in Queens, New York.

24.     Reyes has been employed at Galaxy Diner since, in or about, December 2013.

25.     Froylan Capulin ("Capulin") resides in Queens, New York.

26.     Capulin has been employed at Galaxy Diner since, in or about, 2005.

27.     Adelfo Sanchez ("Sanchez") resides in Brooklyn, New York.

28.     Sanchez has been employed at Galaxy Diner since, in or about, April 2010.

29.     Rodrigo Santos ("Santos") resides in Queens, New York.

30.     Santos has been employed at Galaxy Diner since, in or about, 2009.

31.     Jose Clemente ("Clemente") resides in Queens, New York.

32.     Clemente has been employed at Galaxy Diner since, in or about, 2011.

33.     Delfino Tlacopilgo ("Tlacopilgo") resides in Queens, New York.

34.     Tlacopilgo was employed by Galaxy Diner from, in or around, November 2014 to January 2016.

35.     Juan Rojas ("Rojas") resides in Brooklyn, New York.

36.     Rojas has been employed at Galaxy Diner since, in or about, 2007.

37.     Fidencio Melo Silva ("Silva") resides in Queens, New York.

38.     Silva has been employed at Galaxy Diner since, in or about, 2010.

39.     Alfredo Diaz Hernandez ("Hernandez") resides in Bronx, New York

40.     Hernandez was employed at Galaxy Diner from, in or about, March 2015 to December 2015.

41.     Jose Luis Rodriguez ("Luis") resides in New York, New York.

42.     Luis has been employed at Galaxy Diner since, in or about, October 2010.

43.     Mario Rodriguez ("Mario") resides in Queens, New York.

44.     Mario has been employed at Galaxy Diner since, in or about, November 2015.

45.     Bertin Saaverda Lopez ("Lopez") resides in Queens, New York.

46.     Lopez has been employed at Galaxy Diner since, in or about, 2000.

47.     Sergio Gutierrez ("Gutierrez") resides in Queens, New York.

48.     Gutierrez has been employed at Galaxy Diner since, in or about, 2007.

**Defendants**

49.     Defendant 665 9th Avenue Restaurant Corp. owns and operates Galaxy Diner.

50.     665 9th Avenue Restaurant Corp. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

51.     665 9th Avenue Restaurant Corp. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

52.     665 9th Avenue Restaurant Corp. has an annual gross volume of sales in excess of $500,000.

53.     Defendant John Panarious ("Panarious") is Owner and Chief Operating Officer of 665 9th Avenue Restaurant Corp., and is sued individually in his capacity as an owner, officer and/or agent of 665 9th Avenue Restaurant Corp.

54.     Panarious exercises sufficient control over 665 9th Avenue Restaurant Corp.'s operations to be considered plaintiffs' employer under the FLSA and NYLL.

55.     Panarious has the authority to hire and fire employees of Galaxy Diner, set wages and establish and exercise authority regarding the managerial and administrative practices at Galaxy Diner.  Panarious is also regularly present in the restaurant to supervise the staff.

## FACTUAL ALLEGATIONS

### Angel Galindo Reyes

56.     Throughout his employment, defendants have not paid Reyes the statutorily required minimum wage, overtime compensation, and spread-of-hours pay.

57.     Defendants hired Reyes as a waiter approximately in 2004.

58.     Reyes was promoted to work as an administrative assistant in approximately June 2012.

59.     From approximately 2004 to approximately 2014, Reyes regularly worked Mondays and Tuesdays from 7:30 a.m. to 4:00 p.m., Wednesdays from 7:30 a.m. to 6:00 p.m., Fridays and Saturdays from 6:00 a.m. to 6:00 p.m., and Sundays from 6:00 a.m. to 4:00 p.m.

60.     Reyes did not regularly receive an uninterrupted break lasting more than twenty minutes per day.

61.     During this time period, Reyes worked a total of approximately sixty-one and one-half (61 ½) hours per week.

62.     From approximately 2014 to approximately November 2015, Reyes regularly worked Sunday and Tuesday from 6:00 a.m. to 4:00 p.m. and Wednesday through Saturday from 6:00 a.m. to 6:00 p.m.  He did not regularly receive an uninterrupted break lasting more than twenty minutes per day.

63.     During this time period, Reyes worked a total of approximately sixty-eight (68) hours per week.

64.     From approximately December 2015 through the present, Reyes has been scheduled to work on Tuesday from 7:30 a.m. to 4:00 p.m., Wednesday and Thursday from 7:30 a.m. to 6:00 p.m., Friday and Saturday from 6:00 a.m. to 6:00 p.m., and Sunday from 6:00 a.m. to 4:00 p.m. He has not always received an uninterrupted break lasting more than twenty minutes per day.

65.     During this time period, Reyes has worked a total of approximately sixty-three and one half (63 ½) hours per week.

66.     From approximately 2004 to approximately May 2012, Reyes was paid $2.50 per hour.

67.     From approximately June 2012 to approximately November 2013, Reyes was paid $12.00 per hour.

68.     From approximately December 2013 to approximately November 2014, Reyes was paid $13.00 per hour.

69.     From approximately December 2014 through the present, Reyes has been paid $14.00 per hour.

70.     Defendants did not compensate Reyes at the statutory minimum wage rate as required by the FLSA and the NYLL until June 2012.

71.     Reyes is consistently required to work in excess of forty hours per workweek and is paid at a straight time rate for all hours worked.

72.     When he was working as a server, defendants did not compensate Reyes with the appropriate overtime pay of one and one-half (1 ½) times the statutory minimum wage, as required by the FLSA and the NYLL for all hours worked in excess of forty per workweek.

7

73.     Since he began working as an administrative assistant, defendants have not compensated Reyes with the appropriate overtime pay of one and one-half his base hourly rate of pay, as required by the FLSA and the NYLL for all hours worked in excess of forty per workweek.

74.     Defendants have also failed to pay Reyes one additional hour of pay at the statutory minimum hourly rate for each day that the length of the interval between the beginning and end of his workday is greater than ten hours.

75.     Defendants failed to furnish Reyes with annual wage notices.

76.     Defendants failed to furnish Reyes with accurate statements of wages, hours worked, rates paid, and gross wages.

**Froylan Capulin**

77.     Throughout his employment, defendants have not paid Capulin the statutorily required minimum wage, overtime compensation, and spread-of-hours pay.

78.     Defendants hired Capulin as a busboy in and around 2005.

79.     Capulin was a busboy for one month before he was promoted to server in 2005.

80.     From the beginning of the statutory period to approximately December 2015, Capulin regularly worked Thursdays to Tuesdays from approximately 6:00 a.m. to approximately 4:00 p.m.

81.     Capulin received one half-hour break each day.

82.     During this time period Capulin worked a total of approximately fifty-seven (57) hours per week.

83.     From approximately December 15, 2015 through the present, Capulin has worked Mondays, Tuesdays, and Thursdays from 7:30 a.m. to 4:00 p.m., and Fridays, Saturdays, and Sundays from 6:00 a.m. to 4:00 p.m.  He receives one half-hour break

8

each day and therefore works a total of approximately fifty-two and one half (52 ½) hours per week.

84.     Throughout the statutory period Capulin has been paid $3.00 per hour.

85.     Defendants have not compensated Capulin at the statutory minimum wage rate required by the FLSA and the NYLL.

86.     Capulin has consistently been required to work in excess of forty hours per workweek and is paid at a straight time rate for all hours worked.

87.     Defendants have not compensated Capulin with the appropriate overtime pay of one and one-half (1 ½) times the statutory minimum wage, as required by the FLSA and the NYLL for all hours worked in excess of forty per workweek.

88.     Defendants also have not paid Capulin one additional hour of pay at the statutory minimum hourly rate for each day that the length of the interval between the beginning and end of his workday is greater than ten hours.

89.     Defendants failed to furnish Capulin with annual wage notices.

90.     Defendants failed to furnish Capulin with accurate statements of wages, hours worked, rates paid, and gross wages.

**Adelfo Sanchez**

91.     Throughout his employment, defendants have not paid Sanchez the statutorily required minimum wage, overtime compensation, and spread-of-hours pay.

92.     Defendants initially hired Sanchez as a busboy in and around April 2010.

93.     From approximately April 2010 to approximately April 2013, Sanchez regularly worked from 6:00 a.m. to 4:00 p.m., five or six days per week.

94.     Sanchez worked five days per week during the fall and winter months (September to February) and six days per week during the spring and summer months (March to August).

9

95.     Sanchez received one half-hour break each day.

96.     During this time period Sanchez worked a total of approximately forty-seven and one half (47 ½) to fifty-seven (57) hours per week.

97.     Sanchez was promoted to server in or around May 2013.

98.     From approximately May 2013 to approximately December 14, 2015 Sanchez worked Wednesdays from approximately 8:00 a.m. to approximately 6:00 p.m., Thursdays, Fridays and Saturdays from approximately 9:00 a.m. to 8:00 p.m., and Sundays from approximately 9:00 a.m. to 4:00 p.m.  He received one half-hour break each day and therefore worked a total of approximately forty-seven and one half (47 ½) hours per week.

99.     From approximately December 15, 2015 through the present, Sanchez has worked Wednesdays and Thursdays from 8:00 a.m. to 6:00 p.m., Fridays and Saturdays from 9:00 a.m. to 8:00 p.m., and Sundays from 9:00 a.m. to 4:00 p.m. He receives one half-hour break each day and therefore works a total of approximately forty-six and one half (46 ½) hours per week.

100.    As a busboy, Sanchez was paid at a rate of $2.50 per hour.

101.    As a server, Sanchez is paid at a rate of $3.00 per hour.

102.    Defendants have not compensated Sanchez at the statutory minimum wage rate required by the FLSA and the NYLL.

103.    Sanchez has consistently been required to work in excess of forty hours per workweek and paid at a straight time rate for all hours worked.

104.    Defendants have not compensated Sanchez with the appropriate overtime pay of one and one-half (1 ½) times the statutory minimum wage, as required by the FLSA and the NYLL for all hours worked in excess of forty per workweek.

105.    Defendants also have not paid Sanchez one additional hour of pay at the statutory minimum hourly rate for each day that the length of the interval between the beginning and end of his workday is greater than ten hours.

106.    Defendants failed to furnish Sanchez with annual wage notices.

107.    Defendants failed to furnish Sanchez with accurate statements of wages, hours worked, rates paid, and gross wages.

**Rodrigo Santos**

108.    Throughout his employment, defendants have not paid Santos the statutorily required minimum wage, overtime compensation, and spread-of-hours pay.

109.    Santos was hired to work as a busboy in or around 2009.

110.    Santos was promoted to server in and around 2012.

111.    From approximately 2009 to approximately 2012, Santos regularly worked from 8:00 a.m. to 6:00 p.m., six days per week.

112.    Santos received one half-hour break each day.

113.    During this time period Santos worked a total of approximately fifty-seven (57) hours per week.

114.    From approximately 2012 to the approximately December 2014, Santos has not had a set schedule.  Though his daily schedule has regularly varied, he continues to work a total of approximately fifty-seven (57) hours per week.

115.    From approximately the beginning of 2015 to the present, Santos has not had a set schedule.  Though his daily schedule has regularly varied, he continues to work a total of approximately fifty-seven (57) hours per week.

116.    As a busboy Santos was paid $2.50 per hour.

117.    As a server, Santos is paid $3.50 per hour.

11

118.    Defendants have not compensated Santos at the statutory minimum wage rate required by the FLSA and the NYLL.

119.    Santos has consistently been required to work in excess of forty hours per workweek and paid at a straight time rate for all hours worked.

120.    Defendants have not compensated Santos with the appropriate overtime pay of one and one-half (1 ½) times the statutory minimum wage, as required by the FLSA and the NYLL for all hours worked in excess of forty per workweek.

121.    Defendants also have not paid Santos one additional hour of pay at the statutory minimum hourly rate for each day that the length of the interval between the beginning and end of his workday is greater than ten hours.

122.    Defendants failed to furnish Santos with annual wage notices.

123.    Defendants failed to furnish Santos with accurate statements of wages, hours worked, rates paid, and gross wages.

**Jose Clemente**

124.    Throughout his employment, defendants have not paid Clemente the statutorily required minimum wage, overtime compensation, and spread-of-hours pay.

125.    Defendants hired Clemente as a server in or around 2011.

126.    From approximately 2011 to approximately 2013, Clemente regularly worked Saturdays and Sundays from 10:00 a.m. to 8:00 p.m., Mondays and Tuesdays from 6:00 a.m. to 4:00 p.m., and Wednesdays and Thursdays from either 8:00 a.m. to 6:00 p.m. or 10:00 a.m. to 8:00 p.m.

127.    Clemente received one half-hour break each day.

128.    During this time Clemente worked for a total of fifty- seven (57) hours per week.

129.   From approximately 2014 to approximately August 2015, Clemente regularly worked Mondays and Tuesdays from 6:00 a.m. to 4:00 p.m. and Wednesdays, Thursdays, Saturdays, and Sundays from 8:00 a.m. to 6:00 p.m.  He received one half-hour break each day and therefore worked a total of approximately fifty-seven (57) hours per week.

130.   From approximately September 2015 through the present, Clemente has not had a set schedule.  Though his daily schedule has regularly varied, he continues to work a total of approximately forty-seven (47) or fifty-seven (57) hours per week.

131.   During this time period, Santos receives one half-hour break each day.

132.   From approximately 2011 to approximately 2012, Clemente was paid at a rate of $2.50 per hour.

133.   From approximately 2013 through the present, Clemente has been paid $3.00 per hour.

134.   Defendants have not compensated Clemente at the statutory minimum wage rate required by the FLSA and the NYLL.

135.   Clemente has consistently been required to work in excess of forty hours per workweek and is paid at a straight time rate for all hours worked.

136.   Defendants have not compensated Clemente with the appropriate overtime pay of one and one-half (1 ½) times the statutory minimum wage, as required by the FLSA and the NYLL for all hours worked in excess of forty per workweek.

137.   Defendants also have not paid Clemente one additional hour of pay at the statutory minimum hourly rate for each day that the length of the interval between the beginning and end of his workday is greater than ten hours.

138.   Defendants failed to furnish Clemente with annual wage notices.

139.    Defendants failed to furnish Clemente with accurate statements of wages, hours worked, rates paid, and gross wages.

**Delfino Tlacopilgo**

140.    Throughout his employment, defendants did not pay Tlacopilgo the statutorily required minimum wage, overtime compensation, and spread-of-hours pay.

141.    Tlacopilgo worked for defendants as a server from November 2014 to January 2016.

142.    From approximately November 2014 to approximately March 2015, Tlacopilgo regularly worked Fridays to Wednesdays from approximately 8:00 a.m. to approximately 6:00 p.m.

143.    Tlacopilgo received one half-hour break for the day.

144.    During this time period Tlacopilgo worked a total of approximately fifty-seven (57) hours per week.

145.    From approximately April 2015 to approximately August 2015, Tlacopilgo regularly worked Saturdays to Wednesdays, 8:00 a.m. to 6:00 p.m.  He received one half-hour break each day and therefore worked a total of approximately forty-seven and one half (47 ½) hours per week.

146.    From approximately September 2015 through January 2016, Tlacopilgo regularly worked Saturdays to Tuesdays from 8:00 a.m. to 6:00 p.m.  He received one half-hour break each day and therefore worked a total of approximately thirty-eight (38) hours per week.

147.    Tlacopilgo was paid $3.25 per hour throughout his employment with defendants.

148.    Defendants did not compensate Tlacopilgo at the statutory minimum wage rate required by the FLSA and the NYLL.

14

149.    Tlacopilgo was consistently required to work in excess of forty hours per workweek and was paid at a straight time rate for all hours worked.

150.    Defendants did not compensate Tlacopilgo with the appropriate overtime pay of one and one-half (1 ½) times the statutory minimum wage, as required by the FLSA and the NYLL for all hours worked in excess of forty per workweek.

151.    Defendants also failed to pay Tlacopilgo one additional hour of pay at the statutory minimum hourly rate for each day that the length of the interval between the beginning and end of his workday was greater than ten hours.

152.    Defendants failed to furnish Tlacopilgo with annual wage notices.

153.    Defendants failed to furnish Tlacopilgo with accurate statements of wages, hours worked, rates paid, and gross wages.

**Juan Rojas**

154.    Throughout his employment, defendants have not paid Rojas the statutorily required minimum wage, overtime compensation, and spread-of-hours pay.

155.    Defendants hired Rojas as a dishwasher in and around 2007.

156.    From approximately 2007 to approximately November 2015, Rojas regularly worked Fridays to Wednesdays from approximately 6:00 a.m. to approximately 4:00 p.m.  He received one half-hour break each day and therefore worked a total of approximately fifty-seven (57) hours per week.

157.    From approximately December 2015 through the present, Rojas has worked from approximately 6:00 a.m. to approximately 3:00 p.m. four days per week, and from approximately 6:00 a.m. to 4:00 p.m. two days per week. He receives one half-hour break each day and therefore works a total of approximately fifty-three (53) hours per week.

158.   From approximately 2007 to approximately December 2012, Rojas was paid $5.00 per hour.

159.   From approximately January 2013 through the present, Rojas has been paid $6.50 per hour.

160.   Defendants have not compensated Rojas at the statutory minimum wage rate required by the FLSA and the NYLL.

161.   Rojas has consistently been required to work in excess of forty hours per workweek and paid at a straight time rate for all hours worked.

162.   Defendants have not compensated Rojas with the appropriate overtime pay of one and one-half (1 ½) times the statutory minimum wage, as required by the FLSA and the NYLL for all hours worked in excess of forty per workweek.

163.   Defendants also have not paid Rojas one additional hour of pay at the statutory minimum hourly rate for each day that the length of the interval between the beginning and end of his workday is greater than ten hours.

164.   Defendants failed to furnish Rojas with annual wage notices.

165.   Defendants failed to furnish Rojas with accurate statements of wages, hours worked, rates paid, and gross wages.

**Fidencio Melo Silva**

166.   Throughout his employment, defendants have not paid Silva the statutorily required minimum wage, overtime compensation, and spread-of-hours pay.

167.   Defendants hired Silva as a dishwasher in 2010.

168.   From approximately 2010 to approximately November 2015, Silva regularly worked from 10:00 a.m. to 8:00 p.m., six days per week.

169.   Silva received one half-hour break each day.

170. During this time period Sanchez worked a total of approximately fifty-seven (57) hours per week.

171. From December 2015 through the present, Silva has regularly worked Mondays from 8:00 a.m. to 6:00 p.m., Tuesdays from 6:00 a.m. to 6:00 p.m., Thursdays and Fridays from 12:00 p.m. to 10:00 p.m., and Saturdays and Sundays from 10:00 a.m. to 8:00 p.m. He receives one half-hour break each day and therefore works a total of approximately fifty-nine (59) hours per week.

172. From approximately 2010 to approximately December 2012, Silva was paid $5.00 per hour.

173. From approximately January 2013 through the present, Silva has been paid $6.50 per hour.

174. Defendants have not compensated Silva at the statutory minimum wage rate required by the FLSA and the NYLL.

175. Silva has consistently been required to work in excess of forty hours per workweek and paid at a straight time rate for all hours worked.

176. Defendants have not compensated Silva with the appropriate overtime pay of one and one-half (1 ½) times the statutory minimum wage, as required by the FLSA and the NYLL for all hours worked in excess of forty per workweek.

177. Defendants also have not paid Silva one additional hour of pay at the statutory minimum hourly rate for each day that the length of the interval between the beginning and end of his workday is greater than ten hours.

178. Defendants failed to furnish Silva with annual wage notices.

179. Defendants failed to furnish Silva with accurate statements of wages, hours worked, rates paid, and gross wages.

17

**Alfredo Diaz Hernandez**

180.    Throughout his employment, defendants did not pay Hernandez the statutorily required minimum wage, overtime compensation, and spread-of-hours pay.

181.    Hernandez worked for defendants as a dishwasher from approximately March 2015 to approximately December 2015.

182.    From approximately March 2015 to approximately June 2015, Hernandez regularly worked Thursdays to Tuesdays from 6:00 a.m. to 6:00 p.m.

183.    Hernandez did not regularly receive an uninterrupted break lasting more than twenty minutes per day.

184.    During this time period, Hernandez worked a total of approximately seventy-two (72) hours per week.

185.    From approximately July 2015 to approximately September 2015, Hernandez regularly worked Wednesdays from 6:00 a.m. to 8:00 p.m. and Thursdays to Tuesdays from 6:00 a.m. to 6:00 p.m.

186.    Hernandez did not regularly receive an uninterrupted break lasting more than twenty minutes per day.

187.    During this time period, Hernandez worked a total of approximately eighty-six (86) hours per week.

188.    From approximately October 2015 until he was terminated in December 2015, Hernandez regularly worked Mondays, Tuesdays, and Thursdays to Saturdays from 6:00 a.m. to 6:00 p.m., and Wednesday from 6:00 a.m. to 8:00 p.m.

189.    Defendants often also required that Hernandez work on Sundays from 6:00 a.m. to 6:00 p.m.

190.    Hernandez did not regularly receive an uninterrupted break lasting more than twenty minutes per day.

18

191.    During this time period, Hernandez worked a total of approximately seventy-four (74) to eighty-six (86) hours per week.

192.    Throughout the entirety of his employment, Hernandez was paid $6.00 per hour.

193.    Defendants did not compensate Hernandez at the statutory minimum wage rate required by the FLSA and the NYLL.

194.    Hernandez was consistently required to work in excess of forty hours per workweek and was paid at a straight time rate for all hours worked.

195.    Defendants did not compensate Hernandez with the appropriate overtime pay of one and one-half (1 ½) times the statutory minimum wage, as required by the FLSA and the NYLL for all hours worked in excess of forty per workweek.

196.    Defendants also failed to pay Hernandez one additional hour of pay at the statutory minimum hourly rate for each day that the length of the interval between the beginning and end of his workday was greater than ten hours.

197.    Defendants failed to furnish Hernandez with annual wage notices.

198.    Defendants failed to furnish Hernandez with accurate statements of wages, hours worked, rates paid, and gross wages.

**Jose Luis Rodriguez**

199.    Throughout his employment, defendants have not paid Luis the statutorily required minimum wage, overtime compensation, and spread-of-hours pay.

200.    Defendants hired Luis as a dishwasher in 2010.

201.    From approximately 2010 through the present, Luis has been scheduled to work Tuesdays to Sundays from 6:00 a.m. to 4:00 p.m.

202.    Luis did not regularly receive an uninterrupted break lasting more than twenty minutes per day.

19

203.   Luis regularly works a total approximately sixty hours (60) per week.

204.   From approximately 2010 to approximately October 2012, Luis was paid a weekly salary of $220, which amounts to an hourly rate of $5.50 per hour.

205.   Luis was paid $220 per week regardless of the number of hours he actually worked.

206.   From approximately November 2012 through the present, Luis has been paid a weekly salary of $300, which amounts to an hourly rate of $7.50 per hour.

207.   Luis is paid $300 per week regardless of the number of hours he actually worked.

208.   Throughout the majority of his employment, defendants have not compensated Luis at the statutory minimum wage rate required by the FLSA and the NYLL.

209.   Luis is consistently required to work in excess of forty hours per workweek and does not receive any compensation for the overtime hours (hours over forty per week) that he works.

210.   Defendants have also failed to pay Luis one additional hour of pay at the statutory minimum hourly rate for each day that the length of the interval between the beginning and end of his workday is greater than ten hours.

211.   Defendants have failed to furnish Luis with annual wage notices.

212.   Defendants have failed to furnish Luis with accurate statements of wages, hours worked, rates paid, and gross wages.

**Mario Rodriguez**

213.   Throughout his employment, defendants have not paid Mario overtime compensation or spread-of-hours pay as is statutorily required.

214.   Defendants hired Mario as a cook in or around November 2015.

20

215.    From approximately November 2015 to approximately December 2015, Mario regularly worked Mondays from 6:00 a.m. to 4:00 p.m., Wednesdays from 8:00 a.m. to 4:00 p.m., Thursdays from 8:00 a.m. to 6:00 p.m., Fridays from 10:00 a.m. to 8:00 p.m., Saturdays from 7:00 a.m. to 6:00 p.m., and Sundays from 8:00 a.m. to 4:00 p.m.

216.    Mario did not regularly receive an uninterrupted break lasting more than twenty minutes per day.

217.    During this time period, Mario worked a total of approximately fifty-seven (57) hours per week.

218.    From approximately December 2015 through the present, Mario is scheduled to work Mondays and Tuesdays from 7:30 a.m. to 4:00 p.m., Thursdays, Fridays, and Saturdays from 8:00 a.m. to 6:00 p.m., and Sundays from 8:00 a.m. to 4:00 p.m.

219.    Mario does not regularly receive an uninterrupted break lasting more than twenty minutes per day.

220.    During this time period, Mario has regularly worked a total of approximately fifty-five (55) hours per week.

221.    From November 2015 to approximately December 2015, Mario was paid a weekly salary of $628.

222.    Mario was paid $628 per week regardless of the number of hours he actually worked.

223.    From approximately December 2015 through the present, Mario has been paid a weekly salary of $605.

224.    Mario is paid $605 per week regardless of the number of hours he actually works.

225.    Mario is consistently required to work in excess of forty hours per workweek and does not receive any compensation for the overtime hours (hours over forty per week) that he works.

226.    Defendants have also failed to pay Mario one additional hour of pay at the statutory minimum hourly rate for each day that the length of the interval between the beginning and end of his workday is greater than ten hours.

227.    Defendants have failed to furnish Mario with annual wage notices.

228.    Defendants have failed to furnish Mario with accurate statements of wages, hours worked, rates paid, and gross wages.

**Bertin Saaverda Lopez**

229.    Throughout his employment, defendants have not paid Lopez overtime compensation or spread-of-hours pay as is statutorily required.

230.    Defendants hired Lopez as a dishwasher approximately twenty years ago.

231.    Lopez was promoted to cook approximately fifteen years ago.

232.    From approximately 2000 to approximately June 2015, Lopez regularly worked Mondays to Thursdays from 8:00 a.m. to 6:00 p.m., and Fridays and Saturdays from 6:00 a.m. to 6:00 p.m.

233.    Lopez received one half-hour break each day.

234.    During this time period, Lopez worked a total of approximately sixty-one (61) hours per week.

235.    From approximately June 2015 through the present, Lopez is scheduled to work Mondays to Thursdays from 4:00 p.m. to 1:00 a.m., and Fridays and Saturdays from 6:00 a.m. to 6:00 p.m.

236.    Lopez received one half-hour break each day.

22

237.   During this time period, Lopez has regularly worked a total of approximately fifty-seven (57) hours per week.

238.   From approximately 2000 to approximately 2008, Lopez was paid $10.00 per hour.

239.   From approximately 2008 through the present, Lopez has been paid $11.00 per hour.

240.   Lopez is consistently required to work in excess of forty hours per workweek and is paid at a straight time rate for all hours worked, including hours worked over forty per week.

241.   Defendants have not compensated Lopez with the appropriate overtime pay one and one-half (1 ½) times the statutory minimum wage, as required by the FLSA and the NYLL for all hours worked in excess of forty per workweek.

242.   Defendants have also failed to pay Lopez one additional hour of pay at the statutory minimum hourly rate for each day that the length of the interval between the beginning and end of his workday is greater than ten hours.

243.   Defendants have failed to furnish Lopez with annual wage notices.

244.   Defendants have failed to furnish Lopez with accurate statements of wages, hours worked, rates paid, and gross wages.

**Sergio Gutierrez**

245.   Throughout his employment, defendants have not paid Gutierrez the statutorily required minimum wage, overtime compensation, and spread-of-hours pay.

246.   Defendants initially hired Gutierrez as a dishwasher in or around October 2007.

247.   Gutierrez was promoted to busboy in or around October 2008.

248.   Since 2008, during the weekend, Gutierrez has also worked as an assistant to the counterman.

249.   As an assistant, Gutierrez makes and serves drinks and smoothies.

250.   From approximately 2008 through the present, Gutierrez is scheduled to work Fridays to Wednesdays from 10:00 a.m. to 8:00 p.m.

251.   Gutierrez receives one half-hour break each day.

252.   During this time period, Gutierrez has regularly worked a total of approximately fifty-seven (57) hours per week.

253.   From around 2008 to around 2010, Gutierrez was paid $2.50 per hour.

254.   In 2011, Gutierrez was paid $3.00 per hour.

255.   In 2012, Gutierrez was paid $4.00 per hour.

256.   From 2013 through the present, Gutierrez has been paid $5.00 per hour.

257.   Defendants have not compensated Gutierrez at the statutory minimum wage rate required by the FLSA and the NYLL.

258.   Gutierrez is consistently required to work in excess of forty hours per workweek and is paid at a straight time rate for all hours worked, including hours worked over forty per week.

259.   Defendants have not compensated Gutierrez with the appropriate overtime pay of one and one-half (1 ½) times the statutory minimum wage, as required by the FLSA and the NYLL for all hours worked in excess of forty per workweek.

260.   Defendants have also failed to pay Gutierrez one additional hour of pay at the statutory minimum hourly rate for each day that the length of the interval between the beginning and end of his workday is greater than ten hours.

261.   Defendants have failed to furnish Gutierrez with annual wage notices.

262.    Defendants have failed to furnish Gutierrez with accurate statements of wages, hours worked, rates paid, and gross wages.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

263.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

264.    The FLSA and NYLL require that employers pay employees a minimum wage for all hours worked weekly up to forty.

265.    Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiffs.

266.    The minimum wage provisions set forth in the FLSA, 29 U.S.C.  §§ 201, *et seq.* and the supporting federal regulations, apply to defendants.

267.    Defendants failed to pay plaintiffs Reyes, Capulin, Sanchez, Santos, Clemente, Tlacopilgo, Rojas, Silva, Hernandez, Luis, and Gutierrez the minimum wages to which they were entitled under the FLSA.

268.    Defendants are not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because defendants were required to but failed to inform plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m)

269.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs Reyes, Capulin, Sanchez, Santos, Clemente, Tlacopilgo, Rojas, Silva, Hernandez, Luis, and Gutierrez.

270.    As a result of defendants' willful violations of the FLSA, plaintiffs Reyes, Capulin, Sanchez, Santos, Clemente, Tlacopilgo, Rojas, Silva, Hernandez, Luis, and

Gutierrez suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM**
**(New York Labor Law – Unpaid Minimum Wage)**

271.   Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

272.   The NYLL requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

273.   Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiffs.

274.   The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to defendants.

275.   Defendants failed to pay plaintiffs Reyes, Capulin, Sanchez, Santos, Clemente, Tlacopilgo, Rojas, Silva, Hernandez, Luis, and Gutierrez the minimum wages to which they were entitled to under the NYLL.

276.   Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs Reyes, Capulin, Sanchez, Santos, Clemente, Tlacopilgo, Rojas, Silva, Hernandez, Luis, and Gutierrez the minimum hourly wage.

277.   As a result of defendants' violations of the NYLL, plaintiffs Reyes, Capulin, Sanchez, Santos, Clemente, Tlacopilgo, Rojas, Silva, Hernandez, Luis, and Gutierrez are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

278.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

279.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs overtime wages for all of the hours they worked in excess of forty in a workweek.

280.    Defendants have not made a good faith effort to comply with the FLSA with respect to plaintiffs' compensation.

281.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs.

282.    Due to defendants' violations of the FLSA, plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

283.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

284.    Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiffs one and one (1½) half times the regular rate of pay for all hours worked in excess of forty.

285.    Defendants have failed to pay plaintiffs the overtime wages to which they are entitled to under the NYLL.

286.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs overtime wages.

287.    Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### FIFTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

288.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

289.    Defendants have willfully failed to pay the plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

290.    By defendants' failure to pay the plaintiff and members of the Class spread-of-hours pay, defendants have willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

291.    Due to defendants' willful violations of the NYLL, plaintiff and members of the Class are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest damages.

### SIXTH CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

292.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

293.    The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.  From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide

an annual written notice of wages to be distributed on or before February 1 of each year
of employment.

294.     The NYLL and WTPA also require employers to provide employees
with an accurate wage statement each time they are paid.

295.     Throughout plaintiffs' employment with defendants, defendants paid
plaintiffs without providing a wage statement accurately listing:  the regular rate,
overtime rate or rates of pay; the number of regular hours worked, and the number of
overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of
the minimum wage; and net wages.

296.     In violation of NYLL § 191, defendants failed to furnish to plaintiffs at
the time of hiring, whenever there was a change to plaintiffs' rates of pay, and on or
before February 1 of each year of employment through 2014, wage notices containing
the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,
salary, piece, commission, or other; allowances, if any, claimed as part of the minimum
wage, including tip, meal, or lodging allowances; the regular pay day designated by the
employer in accordance with NYLL § 191; the name of the employer; any "doing
business as" names used by the employer; the physical address of the employer's main
office or principal place of business, and a mailing address if different; the telephone
number of the employer, and anything otherwise required by law; in violation of the
NYLL § 195(1).

297.     Defendants failed to furnish plaintiffs with each payment of wages an
accurate statement listing:  the dates of work covered by that payment of wages; name
of employee; name of employer; address and phone number of employer; rate or rates
of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,
commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates

of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

298.     Due to defendants' violation of NYLL § 195(1), plaintiffs are entitled to recover from defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

299.     Due to defendants' violation of NYLL § 195(3), plaintiffs are entitled to recover from defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, respectfully request that this Court enter a judgment:

a.     declaring that defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

b.     declaring that defendants violated the notice provisions of the NYLL and WTPA;

c.     declaring that defendants have violated the spread-of-hours pay provisions of the NYLL;

d.     declaring that defendants' violations of the FLSA and NYLL were willful;

e.     awarding plaintiffs unpaid minimum and overtime wages;

f.     awarding plaintiffs unpaid spread-of-hours pay;

g.       awarding plaintiffs liquidated damages in an amount equal to

twice the total amount of the wages found to be due, pursuant to the FLSA and to the

NYLL;

h.       awarding plaintiffs liquidated damages as a result of defendants'

failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

i.       awarding plaintiffs pre- and post-judgment interest under the

NYLL;

j.       awarding plaintiffs' reasonable attorneys' fees and costs pursuant

to the FLSA and the NYLL; and

k.       awarding such other and further relief as the Court deems just and

proper.

Dated:    New York, New York
          February 2, 2016

PECHMAN LAW GROUP PLLC

By: _____
     Louis Pechman
     Pechman Law Group PLLC
     488 Madison Avenue - 11th Floor
     New York, New York 10022
     (212) 583-9500
     pechman@pechmanlaw.com